FRED SCHLINKERT, Appellant, v. ANTON SKAALIA, Appellee.

**TRIAL:** Findings—Negligence of Host—Proximate Cause. The submission to the jury of interrogatories bearing on the negligence of the driver of a conveyance (in an action by a guest against a third party for damages) is not erroneous when the negligence of the driver was material on, and strictly confined to, the issue of proximate cause.

Headnote 1: 4 C. J. p. 1028; 38 Cyc. p. 1917.

*Appeal from Winneshiek District Court.*—H. E. TAYLOR, Judge.

APRIL 5, 1927.

Action for damages for personal injuries resulting from an automobile accident. There was a verdict and judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*E. R. Acres* and *T. H. Goheen,* for appellant.

*Willett & Nelson,* for appellee.

EVANS, C. J.—The plaintiff, riding as the guest of Nygaard, in Nygaard's automobile, was, on June 28, 1925, severely injured, as a result of an accident to such car. This action was predicated on the theory that the defendant was responsible for the accident in question. The defendant was driving, that Sunday morning, eastward on a primary road. Going in the same direction upon the same road, and behind the defendant, was Nygaard, driving his Chevrolet car, weighing 1,800 pounds, occupied by himself and the plaintiff, Schlinkert. Nygaard was driving much faster than the defendant, and was overtaking him. Ahead of them was an intersecting road, extending north and south, on which the defendant intended to turn to the north. He slowed down for that purpose, as he came up to the intersection. Nygaard passed him at the nearest edge of the intersection, without warning, and while the defendant was turning to the left. There was a contact of the front end of the defendant's car with the rear end of Nygaard's car. Across the intersecting road and along the north side of the primary road and parallel therewith was a culvert, 25 feet long, with a ditch at each end thereof. Nygaard's car came in contact with said culvert, and turned turtle, finally landing in the ditch, 20 feet east of the intersection, and facing southward. The defendant's car, a one-seated Buick roadster, was a considerable distance therefrom, and had suffered no damage. The foregoing facts are not wholly undisputed, but are such as the jury could have found, upon the evidence.

The complaint which the appellant presses upon our attention is directed to certain interrogatories which the court submitted to the jury. These were as follows:

"1. Did H. O. Nygaard, the owner and driver of the car in which plaintiff was riding, before attempting to pass defendant's car, blow his horn, so as to give notice to defendant of his intention to pass defendant?

"2. Did H. O. Nygaard, the owner and driver of the car in which the plaintiff was riding, when he approached the intersection of the public highway in question, reduce the speed of his car to a reasonable and proper rate?

"3. Did H. O. Nygaard, the owner and driver of the car in which plaintiff was riding at the time of the accident in question, drive his car in a careful and prudent manner and at

a rate of speed which did not endanger the property of another or the life or limb of any person?"

Each of the foregoing was answered in the negative.

The general complaint made against these interrogatories is that they tended to submit the case to the jury upon false issues. It appears that the plaintiff was the mere guest of Nygaard, and was in no manner responsible for Nygaard's negligence, if any. It is argued, therefore, that the question of Nygaard's negligence ought not to have been submitted to the jury by interrogatory, and that the submission of the same tended to impress the jury that the negligence of Nygaard was a good defense to the plaintiff's cause of action. This very point was guarded by the trial court by the following Instruction 6, of which no complaint was made:

"You are instructed that, at the time of the injuries complained of, the plaintiff was riding in the automobile as a guest of Mr. H. O. Nygaard, the owner and controller of the automobile, and said Nygaard was then and there driving the same. In considering the question of contributory negligence of plaintiff, the negligence, if any, of Nygaard in driving the car will not be considered by you. You will only consider the negligence, if any, of Mr. Nygaard upon the question as to whether the negligence of defendant was the proximate cause of plaintiff's injuries."

The interrogatories could not, therefore, be misleading in the respect suggested by counsel for appellant. It is doubtless true that the case could have been submitted quite as intelligently without the interrogatories as with them. But the plaintiff himself carried his full share of responsibility for the giving of the interrogatories. In charging the negligence of the defendant, the plaintiff in his petition alleged that Nygaard sounded his horn, as a warning to the defendant, before he undertook to pass by him. Evidence to that effect was introduced. He also pleaded that Nygaard was driving prudently and cautiously, and introduced evidence in support of such allegation. This evidence was contradicted in both respects. The evidence was material, as bearing upon the negligence of the defendant. It was also material as bearing upon the question of proximate cause. It was upon this latter question that the emphasis of the defense was placed. The jury could have

found negligence on the part both of the defendant and of Nygaard. They could have found also that the negligence of each was quite independent of the negligence of the other. They could have found, as they doubtless did, that the actual contact between these two vehicles was very slight and inconsequential. The defendant's car suffered no injuries. They could have found also that Nygaard's car suffered no injury as a result of the collision, and that the injury which it did suffer was caused later, by loss of control, and by contact with the culvert and the ditch. What happened to this car after the collision could account for all the injuries which it suffered. It was completely wrecked. The defendant's car was apart therefrom a very substantial distance. The question at this point is not one of contributory negligence, either of the plaintiff or of Nygaard. It is a question of proximate cause. The jury could have found that, though defendant was negligent in making the left turn, yet such negligence was not the proximate cause of the later injury to the plaintiff. They could have found that such proximate cause was the fast driving over the intersection, and the final loss of control by Nygaard, which resulted in the wreckage of his car. So far, therefore, as the first interrogatory is concerned, it bore upon the negligence of the defendant. In so far as Interrogatories 2 and 3 are concerned, they bore upon the independent negligence of Nygaard, as an independent proximate cause. The instructions are not complained of. They guarded the effect of the interrogatories, and they submitted to the jury the question whether the negligence of the defendant, if any, was the proximate cause of the injuries sustained by the plaintiff. In the absence of erroneous instructions on the subject, we see no legitimate ground of complaint over mere interrogatories.

The judgment below is, accordingly, affirmed.—*Affirmed.*

De Graff, Albert, and Morling, JJ., concur.